Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2438 | **DATE** | 4/28/2000 |
| **CASE TITLE** | Tracey Ellis vs. Great Expectations and Tom Fiala | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. For the reasons stated here, both the Application and the motion for appointment of counsel are denied. Ellis is given until June 27, 2000 to pay the filing fee in full. If she does so, this action will proceed as though it had been filed on the date of its receipt in the Clerk's office (April 21, 2000). If no such payment is made, however, both the Complaint and this action will be dismissed (essentially for want of prosecution).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 01 2000 | 6 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4/28/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | 00 APR 28 PM 2:40 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

TRACEY J. ELLIS,                )
                                )
                Plaintiff,      )
                                )
        v.                      )   No. 00 C 2438
                                )
GREAT EXPECTATIONS and TOM FIALA,)
TM Supvr.,                      )
                                )
                Defendants.     )

                  MEMORANDUM OPINION AND ORDER

    Tracey Ellis ("Ellis") has filled out the form Complaint of Employment Discrimination that is provided by this District Court's Clerk's Office to pro se litigants, in which Ellis sets forth her claim of employment discrimination against her ex-employer Great Expectations[1] and her supervisor there, Tom Fiala ("Fiala"). Ellis has accompanied her Complaint with two other filled-in forms: her Application To Proceed Without Prepayment of Fees ("Application") and her Motion for Appointment of Counsel ("Motion"). For the reasons stated here, both the Application and the Motion are denied.

    As for the Application, it reflects that Ellis is currently employed at a modest salary, that she had a half-dozen 1999

---

    [1] Some parts of Ellis' submission employ other variants, such as "Great Expectations Mgt. Corp.," but this order follows her designation in the Complaint's caption.



employments, three of which (presumably including the one with
Great Expectations) "were supposed to be permanent" and the other
three of which were "assignments,"[2] that she has $100 in the bank
and that she has no dependents. Although that portrayal confirms
that Ellis does not have the wherewithal to pay a $150 filing fee
now, no reason appears to prevent her from saving up the
necessary funds within a reasonable time. Accordingly the
Application is denied, but Ellis is given until June 27, 2000 to
pay the filing fee in full. If she does so, this action will
proceed as though it had been filed on the date of its receipt in
the Clerk's Office (April 21, 2000).[3] If no such payment is
made, however, both the Complaint and this action will be
dismissed (essentially for want of prosecution).

As for the Motion, this Court's almost invariable practice
is to treat such motions by pro se plaintiffs more generously

---

[2] Though Ellis doesn't say so, her general description
suggests that the "assignments"--and maybe even the hoped-for
"permanent" situations--must have been referrals from an
employment agency or temp service.

[3] That kind of retrospective treatment is ordinarily
granted in employment discrimination cases to avoid any problem
of untimeliness of the filing date in relation to the date of a
plaintiff's receipt of EEOC's right-to-sue letter. In this
instance Ellis asserts that date of receipt to have been March
31, 2000 (Complaint ¶8(b)), so that no timeliness problem would
be presented by a June filing fee payment in any event.

than the directives in that respect from our Court of Appeals might seem to counsel--for in this Court's view, not only does the appointment of pro bono counsel from this District Court's trial bar assist a plaintiff in the preparation and presentation of his or her employment discrimination claim, but a court tends to be assisted greatly in addressing such litigation if both sides are represented by counsel, and indeed the ability to deal with a lawyer on the other side rather than with a plaintiff who is unlettered in the law often makes the task of defense counsel easier. But this case provides a graphic illustration of why the preceding sentence uses "almost invariable practice" rather than "invariable practice": Ellis' total period of employment with Great Expectations was a half-month or less (her EEOC charge says she was hired as a telemarketer in December 1999 and was terminated on December 16 of that year), and her description of the allegedly discriminatory termination discloses that it was a single-incident confrontation between Ellis and a female co-worker in which supervisor Fiala assertedly took sides against Ellis because of her race (Black), color (red) and gender (female).[4]

---

[4] Apart from anything else, that last allegation is somewhat difficult to fathom--how can showing favoritism toward

3

Nothing about that set of circumstances cries out for the need to impose on some drafted member of the trial bar the burden of pursuing Ellis' claim pro bono. On the contrary, no reason appears why Ellis should be unable to handle the matter on her own. As stated at the outset, the Motion is denied.

But there is more. Because Ellis' Motion had referred to a single earlier case (listed by her as <u>Ellis v. New England</u>, but unidentified as to case number or current status) in which this Court's colleague Honorable George Lindberg had appointed attorney Tom Donovan to represent her, this Court asked its minute clerk to provide it with information as to that earlier litigation to see whether it might bear upon the current action or Ellis' current requests. That search has disclosed not just one earlier case brought by Ellis, but an entire group of others that suggest she is a persistent litigant, sometimes advancing purely frivolous claims and on at least one occasion abusing the processes of this District Court. This Court has listed in the attached Appendix what the docket sheets in those earlier cases reflect, and it is transmitting a copy of this memorandum order to the Executive Committee for its consideration as to whether

---

one female over another female be characterized as discrimination based upon sex?

4

some restrictive order should be entered to inhibit Ellis' filing of further groundless claims.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 28, 2000

Appendix

In 97 C 5145, Ellis v. Rabjohn Financial (assigned to Judge Lindberg),[1] the litigation had a checkered history involving the successive appointments and withdrawals of two pro bono lawyers, followed by the appearance of retained counsel. On April 20, 1998 Judge Lindberg dismissed the action with prejudice "as a sanction for plaintiff Tracey J. Ellis behavior in court."

On January 7, 1999 Ellis sued the same defendants in Case No. 99 C 54 (also assigned to Judge Lindberg), seeking in forma pauperis status and the appointment of counsel in an effort to demand a higher settlement amount from defendants than had been offered in 97 C 5145. Because Judge Lindberg found that the earlier dismissal with prejudice had rendered all settlement offers moot, on January 20, 1999 he denied Ellis' requests and terminated the case.

In 99 C 4692, Ellis v. Smith Rothschild Financial Company (assigned to Judge Zagel), Ellis' in forma pauperis application and motion for appointment of counsel were denied on August 20, 1999, with her payment of filing fees required to be made by October 20, 1999. Though this Court has not troubled itself to

---

[1] Because New England Group and New England Life Insurance Company are also listed as codefendants, this is clearly the one prior case that she has listed in her current Motion for Appointment of Counsel.

get the court file in this matter to see the nature of that lawsuit, Smith Rothschild is the employer listed in Ellis' current Affidavit as the largest source of her employment income during 1999. No later docket entry reflects her payment of fees, nor has an order been entered on the docket formally terminating the case.

In 00 C 2004, <u>Ellis v. Chicago Home Mortgage and Leon Greenberg</u> (who is referred to as its owner)(assigned to Judge Hibbler), on April 6 of this year (three days after the Complaint was received) Ellis' application to proceed without prepayment of fees was granted but the case was simultaneously "dismissed as patently frivolous and without merit," mooting Ellis' motion for appointment of counsel.

In 00 C 2219, <u>Ellis v. Smith Rothschild Finance</u> and three individual defendants (assigned to Judge Gettleman), an April 17, 2000 order (entered six days after the Complaint was filed) denied Ellis' in forma pauperis application for her failure to make a showing of financial need, and her motion for appointment of counsel was denied without prejudice.